E-FILED
Friday, 17 January, 2020  03:10:23 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LISA ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:19-cv-4169-SLD-JEH |
| | ) | |
| vs. | ) | |
| | ) | |
| ST. ANTHONY'S NURSING AND | ) | |
| REHABILITATION CENTER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT ST. ANTHONY'S NURSING AND REHABILITATION CENTER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, ST. ANTHONY'S NURSING AND REHABILITATION CENTER, LLC ("Defendant"), by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, hereby states as follows:

1.     Lisa Rose (hereinafter referred to as "Lisa" or "plaintiff') is a resident of Galva, Henry County, Illinois.

**ANSWER:     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.**

2.     Defendant St. Anthony's Nursing and Rehabilitation Center, LLC, (hereinafter referred to as "St. Anthony's" or "defendant") is an Illinois limited liability company with its principal place of business in Rock Island, Rock Island County, Illinois.

**ANSWER:     Defendant admits the allegations in Paragraph 2 of Plaintiff's Complaint.**

3.     This court has subject matter jurisdiction over this cause of action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111, *et seq.,* and pursuant to 28 U.S.C. § 1331.

4844-2396-3058.1

**ANSWER:**  **Defendant admits that this Court has subject matter jurisdiction as alleged in Paragraph 3 of Plaintiff's Complaint, but denies that a viable cause of action exists.**

4.  This cause of action arose in Rock Island County, Illinois, therefore venue in this court is proper under 28 U.S.C. § 1391(b).

**ANSWER:**  **Defendant admits that venue is proper in this Court as alleged in Paragraph 4 of Plaintiff's Complaint, but denies that a viable cause of action exists.**

5.  Pursuant Local Rule 40.1(F), the basis for filing in the Rock Island Division is that plaintiff resides in Henry County, Illinois, and all relevant incidents from which this cause of action arose occurred in Rock Island County, Illinois.

**ANSWER:**  **Defendant admits that filing in the Rock Island Division is proper as alleged in Paragraph 5 of Plaintiff's Complaint, but denies that a viable cause of action exists.**

6.  Plaintiff timely filed her charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") on November 7, 2018, and has been issued her Notice of Right to Sue Letter by the EEOC, and has otherwise exhausted her administrative remedies. (Exhibit 1, a true and correct copy of the Notice of Right to Sue from the EEOC dated August 13, 2019, is attached hereto and made a part of this Complaint).

**ANSWER:**  **Defendant admits that Plaintiff filed a charge of discrimination with the IDHR and EEOC and that a Notice of Right to Sue issued.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 6 of Plaintiff's Complaint and therefore denies same.**

7.      Plaintiff was employed by St. Anthony's Nursing and Rehabilitation Center, LLC ("St. Anthony's") as an LPN for approximately 7 years, working as a Care Plan Coordinator at times relevant to this Complaint.

**ANSWER:       Defendant admits the allegations in Paragraph 7 of Plaintiff's Complaint except to the extent that it lacks knowledge or information sufficient to admit or deny what is meant by "at times relevant to this Complaint."**

8.      At all times material to this claim, plaintiff performed her job duties to the satisfaction of her employer.

**ANSWER:       Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.**

9.      On April 2, 2018, St. Anthony's hired a new employee in a similar capacity as plaintiff's.

**ANSWER:       Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.**

10.     Defendant assured plaintiff this new hire would have no effect on her position.

**ANSWER:       Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.**

11.     On May 7, 2018, St. Anthony's sent plaintiff a letter stating that (allegedly) due to low census it could not offer her hours at that time, and plaintiff was placed on "lay-off."

**ANSWER:       Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.**

12.     This alleged "layoff" was pretextual or false because shortly thereafter St. Anthony's advertised for plaintiffs position and did not bring her back from "lay-off."

**ANSWER:       Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.**

13.     Similarly situated non-disabled employees were not laid off under similar circumstances.

**ANSWER:** **Defendant admits that employees similarly situated to Plaintiff were not laid off, but denies that Plaintiff was laid off and that any alleged lay off was because of any alleged disability.  Defendant denies anything inconsistent with the foregoing.**

## COUNT I

1-13.   Plaintiff repeats and realleges paragraph 1-13 as though fully set forth as paragraphs 1-13 of Count I.

**ANSWER:** **Defendant realleges and incorporates its Answers to Paragraphs 1-13 of Plaintiff's Complaint as though fully set forth herein.**

14.   Pursuant to 42 U.S.C. § 12112: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

**ANSWER:** **Defendant admits that Plaintiff accurately cites 42 U.S.C. § 12112 in Paragraph 14 of Count I of the Complaint but denies it committed a violation thereof.**

15.   Plaintiff is an individual with a disability or disabilities as defined in the ADA, specifically several autoimmune diseases, including Primary Biliary Cholangitis with autoimmune hepatitis overlap and Sjogren's syndrome, causing chronic fatigue, joint pain, nausea, vomiting, and affecting the major life activities of sleeping, walking, standing, lifting, bending, concentrating, thinking, communicating, and working.

**ANSWER:** **Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15 of Count I of Plaintiff's Complaint.**

4844-2396-3058.1                                     4

16.     Plaintiff is an employee who, pursuant to 42 U.S.C. § 12111, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds ..."

**ANSWER:**    **Defendant admits that Plaintiff was an employee of Defendant and that Plaintiff accurately cites 42 U.S.C. § 12111, but denies the remainder of the allegations in Paragraph 16 of Count I of Plaintiff's Complaint.**

17.     Defendant is an employer as that term is defined in the ADA, 42 U.S.C. § 12111, because it is "engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year."

**ANSWER:**    **Defendant admits that Plaintiff accurately cites 42 U.S.C. § 12112 in Paragraph 17 of Count I of the Complaint and that it was Plaintiff's employer, but denies that it violated its legal obligations arising thereunder.**

18.     Defendant violated 42 U.S.C. § 12112, in that it has discriminated against plaintiff by disparately treating her on the basis of her known disability or disabilities.

**ANSWER:**    **Defendant denies the allegations in Paragraph 18 of Count I of Plaintiff's Complaint.**

19.     Specifically, defendant has discriminated against plaintiff on the basis of her disability by the pretextual "layoff" and because similarly situated non-disabled employees were not "laid off," and the pretextual layoff or termination would not have occurred but for plaintiffs disability.

**ANSWER:**    **Defendant denies the allegations in Paragraph 19 of Count I of Plaintiff's Complaint.**

20.     As a direct and proximate result of the disability discrimination, plaintiff has suffered lost wages and benefits in the past, present, and is reasonably expected to continue to lose income into the future and she has also suffered damages in the form of loss of enjoyment of life, emotional pain and suffering in the past, present and future.

**ANSWER:** **Defendant denies the allegations in Paragraph 20 of Count I of Plaintiff's Complaint.**

21.     Plaintiff is also entitled to recover her costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000-e(5)(k).

**ANSWER:** **Defendant denies the allegations in Paragraph 21 of Count I of Plaintiff's Complaint.**

22.     Plaintiff also seeks equitable relief in the form of reinstatement or, alternatively, front pay.

**ANSWER:** **Defendant acknowledges that Plaintiff seeks the relief asserted in Paragraph 22 of Count I of Plaintiff's Complaint, but denies that Plaintiff is entitled to any such relief.**

23.     Plaintiff is also seeking an award of punitive or exemplary damages due to defendant's intentional acts of disability discrimination.

**ANSWER:** **Defendant acknowledges that Plaintiff seeks the relief asserted in Paragraph 23 of Count I of Plaintiff's Complaint, but denies that Plaintiff is entitled to any such relief.**

## COUNT II

1-13.   Plaintiff repeats and realleges paragraph 1-13 of Count I as though fully set forth as paragraphs 1-13 of Count II.

**ANSWER:** **Defendant realleges and incorporates its Answers to Paragraphs 1-13 of Plaintiff's Complaint as though fully set forth herein.**

14.    Pursuant to 42 U.S.C. §12112: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

**ANSWER:** **Defendant admits that Plaintiff accurately cites 42 U.S.C. § 12112 in Paragraph 14 of Count II of the Complaint but denies it committed a violation thereof.**

15.    Plaintiff is an individual with a disability or disabilities as defined in the ADA, specifically several autoimmune diseases, including Primary Biliary Cholangitis with autoimmune hepatitis overlap and Sjogren's syndrome, causing chronic fatigue, joint pain, nausea, vomiting, and affecting the major life activities of sleeping, walking, standing, lifting, bending, concentrating, thinking, communicating, and working.

**ANSWER:** **Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15 of Count II of Plaintiff's Complaint.**

16.    Plaintiff is an employee who, pursuant to 42 U.S.C. § 12111, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds ..."

**ANSWER:** **Defendant admits that Plaintiff was an employee of Defendant's but lacks knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 16 of Count II of Plaintiff's Complaint.**

17.     Defendant is an employer as that term is defined in the ADA, 42 U.S.C. § 12111, because it is "engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year."

**ANSWER:     Defendant admits that Plaintiff accurately cites 42 U.S.C. § 12112 in Paragraph 17 of Count II of the Complaint and that it was Plaintiff's employer, but denies that it violated its legal obligations arising thereunder.**

18.     Defendant violated 42 U.S.C. § 12112, in that it discriminated against plaintiff, a qualified individual, on the basis of disability in regard to job application procedures and/or hiring.

**ANSWER:     Defendant denies the allegations in Paragraph 18 of Count II of Plaintiff's Complaint.**

19.     Specifically, after being told she was on "lay-off" status in May, 2018, plaintiff saw an advertisement for a job opening and, on or about July 23, 2018, plaintiff applied for the opening for "LPN — MDS/Careplan Coordinator," (her former job).

**ANSWER:     Defendant denies the allegations in Paragraph 19 of Count II of Plaintiff's Complaint.**

20.     St. Anthony's failed to hire or rehire plaintiff for this position despite the fact that it was the same or substantially similar to the position she had successfully filled for more than 6 years.

**ANSWER:     Defendant denies the allegations in Paragraph 20 of Count II of Plaintiff's Complaint.**

21.     The reason for the failure to be hired or rehired was because of her disabilities.

**ANSWER:     Defendant denies the allegations in Paragraph 21 of Count II of Plaintiff's Complaint.**

22.     As a direct and proximate result of the disability discrimination, plaintiff has suffered lost wages and benefits in the past, present, and is reasonably expected to continue to lose income into the future and she has also suffered damages in the form of loss of enjoyment of life, emotional pain and suffering in the past, present and future.

**ANSWER:     Defendant denies the allegations in Paragraph 22 of Count II of Plaintiff's Complaint.**

23.     Plaintiff is also entitled to recover her costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000-e(5)(k).

**ANSWER:     Defendant denies the allegations in Paragraph 23 of Count II of Plaintiff's Complaint.**

24.     Plaintiff seeks equitable relief in the form of reinstatement or, alternatively, front pay.

**ANSWER:     Defendant acknowledges that Plaintiff seeks the relief asserted in Paragraph 24 of Count II of Plaintiff's Complaint, but denies that Plaintiff is entitled to any such relief.**

25.     Plaintiff is also seeking an award of punitive or exemplary damages due to defendant's intentional acts of disability discrimination.

**ANSWER:     Defendant acknowledges that Plaintiff seeks the relief asserted in Paragraph 25 of Count II to Plaintiff's Complaint but denies that Plaintiff is entitled to any such relief.**

<u>**AFFIRMATIVE DEFENSES**</u>

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Defendant acted in good faith and with reasonable grounds for believing it was not in violation of the ADA.  Defendant engaged in good faith efforts to comply with the law and exercised

reasonable care to prevent and promptly correct any alleged discrimination or retaliation in the workplace, and plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant to otherwise avoid harm.

3.      Plaintiff's claims are barred or limited by the applicable statute of limitations.

4.      Plaintiff's claims are barred under the doctrines of waiver, laches, ratification, or unclean hands.

5.      Plaintiff did not suffer from, or advise Defendant that she suffered from, a disability as defined under the ADA.

6.      Defendant is entitled to offset.

7.      After-acquired evidence provides a basis for Plaintiff's termination and/or reduction of purported damages.

8.      Plaintiff failed to mitigate her alleged damages.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant ST. ANTHONY'S NURSING AND REHABILITATION CENTER, LLC, respectfully requests that this Honorable Court:

(a)      Dismiss Plaintiff's Complaint and enter a judgment in favor of St. Anthony's Nursing and Rehabilitation Center, LLC;

(b)      Tax all costs of this action, including attorneys' fees, against Plaintiff; and

(c)      Award such other and further relief as is just and proper.

Dated: January 17, 2020

                        Respectfully submitted,

                        **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                        By:   */s/ Mary A. Smigielski*

                             One of Its Attorneys

Mary A. Smigielski (ARDC # 6243913)
Kenneth D. Walsh (N.Y. Bar No. 5044086)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: 312.345.1718
F: 312.345.1778
Mary.Smigielski@lewisbrisbois.com
Kenneth.Walsh@lewisbrisbois.com
*Attorneys for Defendant*